IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

  Petitioner,

v.

D. SPROUL,

  Respondent.

Case No. 19-CV-1291-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Petitioner William A. White ("White"), a federal inmate who is currently incarcerated at Marion-USP, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). Relying on the First Step Act of 2018, which amended 18 U.S.C. §3624(b) regarding GCT awarded to federal inmates, White claims he is entitled to additional days of good-time credit, making his current scheduled release date incorrect. According to White, he should receive 227 days of additional GCT.

  The First Step Act amends 18 U.S.C. § 3624(b)(1) to give federal inmates more potential credit for good conduct. *See* Public Law 115-391, 132 Stat. 5194, § 102(b). White asserts that his good-time calculation should be changed to comply with the First Step Act. Prior to the First Step Act, qualifying inmates earned up to 54 days of good conduct time for each year actually served, and the sentence was pro rated in the final year of the service of sentence. Following the amendments to the Act, qualifying inmates will be eligible to earn up to 54 days of GCT for each year of sentence imposed by the court. *See Bennett v. Kallis,* No. 19-cv-1222-SLD, 2019 WL 3241156 (C.D. Ill. July 18, 2019).

### RELEVANT FACTS AND PROCEDURAL HISTORY

On November 25, 2019, White filed his original petition for habeas relief pursuant to 28 U.S.C. §2241 (Doc. 1). On February 24, 2020, the Honorable Judge Nancy Rosenstengel concluded that White's petition survived preliminary review and ordered respondent D. Christiansen to answer or otherwise plead (Doc. 3). On February 21, 2020, Christianson filed his response and attached as exhibits SENTRY Sentencing and Monitoring Data (Doc. 10). On February 24, 2020, this Court granted White until April 6, 2020 to file any reply (Doc. 11). On March 4, 2020, White filed his reply (Doc. 12). Included within his resply was a "Traverse" requesting the government to provide additional information regarding sentencing monitoring and computation. (*Id.*).

On October 6, 2020, this case was reassigned to this Court (Doc. 13). On March 8, 2021, an Order was entered granting the government the opportunity to file additional information with this Court, if they chose, before April 7, 2021 (Doc. 14). On April 5, 2021, the government sought an extension of time to file a response/reply (Doc. 15). On April 13, 2021, the Court, after finding there was good cause and there had been no previous requests for extensions, granted the extension of time, up to April 21, 2021 (Doc. 18). On April 21, 2021, the response was filed in this case (Doc. 19).

In order to determine whether White is entitled to additional credit, the Court must first determine White's sentences. The following four cases are at issue:

1. *USA v. White*, 08-cr-054, W.D. Virginia → On April 19, 2010, White was sentenced to 33 months in the Federal Bureau of Prisons, to be followed by 30 months of supervised release. On September 14, 2012, White's supervised release was revoked and he was sentenced to an additional 10 months in the

Federal Bureau of Prisons. The original 33 months imposed and the 10 months imposed following the revocation of supervised release have been completed. As such, they cannot be considered as part of this motion.

2. *USA v. White,* 08-cr-851, N.D. Illinois → On February 20, 2013, White was sentenced to 42 months in the Federal Bureau of Prisons. This sentence was concurrent to the one imposed in the Western District of Virginia, which was completed before this sentence. This sentence has not yet been completed.

3. *USA v. White,* 13-cr-013, Western District of Virginia → On November 26, 2014, White was sentenced to 92 months in the Federal Bureau Prisons. This sentence was ordered to be served consecutively to that imposed in 08-cr-851 by the Northern District of Illinois. This sentence has not yet been completed.

4. *USA v. White,* 13-cr-304, M.D. of Florida →On November 26, 2014, White was sentenced to 210 months in the Federal Bureau of Prisons. The sentence was ordered to be served consecutively to that imposed in 13-cr-13 by the Western District of Virginia. This sentence has not yet been completed.

**ANALYSIS**

On January 27, 2020, the Bureau of Prisons completed the recalculation of White's good conduct time (Doc. 4). In his original petition, White claims to be due 227 days of additional credit pursuant to the First Step Act as amended in 2018 (Doc.

1). Based upon the calculations provided, White's GCT has increased, but by 200 days, not 227 days. It appears as if one of the discrepancies is from his belief that the sentence imposed in 08-cr-054 remains pending and part of the calculations. However, the sentence imposed in 08-cr-851 was concurrent to the one imposed in 08-cr-054, not consecutive, so once the first sentence was completed, it no longer factored into the current prison sentence.

Attached to the government's response dated April 21, 2021 are exhibits that show the amount of GCT attributed to White's prison two sentences (Docs. 19, 19-1). The BOP has consistently explained that White has two separate and distinct sentences (*Id.*). The sentence imposed in 08-cr-054 is considered a prior term of incarceration, or sentence one. *See White v. True,* 17-cv-1262 (S.D. Ill. August 13, 2018).

The current term of incarceration, or sentence two, reflects the sentences imposed in 08-cr-851 (N.D. Ill.), 13-cr-13 (W.D. Virginia), and 13-cr-304 (M.D. Florida) (Doc. 19). The current sentence also includes the revocation period in 08-cr-054, as that was not part of the original sentence to the BOP. Although confusing, White had served the underlying sentence (sentence one) and was out on supervised release when he was deemed to have violated the terms and a new sentence was imposed. Then, when sentenced in 08-cr-851, that sentence was ordered concurrent to the remaining sentence (for the revocation) in 08-cr-054. The revocation period was the beginning of sentence two, which has not yet been completed. *See Racine v. Federal Bureau of Prisons,* 2007 WL 15851574 (D.N.J. May 31, 2007); *Stelluto v.*

*Wendt,* 2005 WL 3277661 (N.D.W.Va. Nov. 30, 2005). In other words, an inmate who is serving a revocation term is only entitled to additional good credit time under the First Step Act on the revocation term and not on the underlying sentence that had already been satisfied. *Kmiecik v. Hudson,* 2020 WL 8669813 (D.KS. Nov. 24, 2020); *Smith v. Williams*, 2020 WL 3453124 (N.D.Oh. June 8, 2020).

White's two separate terms of incarceration should not and cannot be combined in this matter. He received his GCT for his prior term of incarceration and that good time does not factor into the current term or incarceration.

## CONCLUSION

For the reasons set forth above, White's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** in part and **DENIED** in part. Per the First Step Act and the Bureau of Prisons calculations, White is **ORDERED** to receive an additional 200 days credit for Good Conduct Time, not the 227 days requested.

If White wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues White plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If White does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999);

*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for White to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 10, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**